UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 10-632-C**

**ROBERT CAIN,** **PLAINTIFF,**

**V.** **ORDER**

**AMERICAN HOME MORTGAGE SERVICING,** **DEFENDANT.**

* * * * * * * * * *

On October 5, 2010, the Plaintiff filed a twenty-six-page complaint accusing the defendant and the entire banking industry of various fraudulent and unethical practices. The plaintiff also filed the identical document under the guise of a "motion for temporary injunction," which seeks a temporary restraining order against the defendant. For the reasons discussed below, this motion will be denied.

As a preliminary matter, the court notes that this is not the first time that this same "complaint" has been filed. *See, e.g., Trimm v. Fifth Third Mortgage Co.*, No. 3:10-cv-01602, 2010 WL 3515596 (N.D. Oh. Sep. 03, 2010); *Geans v. Oxford Bank*, No. 2:10-cv-13160, 2010 WL 3273276 (E.D. Mich. Aug. 19, 2010); *Ray v. HSBC Bank, N.A., No.* 1:10-cv-175, 2010 WL 3528554 (W.D.N.C. Sep. 03, 2010). In all of these cases, and many more not mentioned here, this identical document was filed with limited alteration. Although this fact alone does not end the inquiry, it informs the sincerity of plaintiff's request.

The plaintiff has not demonstrated the requisite urgency or seriousness to

warrant a temporary injunction. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The plaintiff has not carried his burden here.

First, the plaintiff has not shown a strong likelihood of succeeding on the merits. *See Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000) (identifying the four relevant factors when analyzing a preliminary injunction). As mentioned earlier, the complaint is one that has been filed many times before. Consequently, the accusations are broad and unspecific. While the plaintiff makes sweeping allegations about a "carefully crafted criminal connivance" among various entities within the "real estate industry," he has not recited specific facts which show that the defendant engaged in any such wrongdoing. Nor has he provided any other specific information from which this court could find in his favor. He has not even attached any of the loan documents or indicated when the loan was made. In essence, the plaintiff's complaint is better suited for the Op-Ed column, not a federal court. Although this factor alone done not end the inquiry, "a finding that there is simply no likelihood of success on the merits is usually fatal" to a request for a temporary restraining order. *Id.*

Second, the plaintiff has failed to show that he will suffer irreparable injury, absent the injunction. *Id.* Although he alludes to a possible foreclosure sale, he has not indicated when this sale will be. Rather, he alleges generally that "defendant has made it clear that sale and eviction from the property are imminent." R. 3 at

25. This falls far below the level of specificity required for a temporary restraining order.

The third and fourth factors by which the court must measure the plaintiff's motion, harm to others and the public interest, *see* 225 F.3d at 625, cannot rescue the motion in light of the deficiencies described above. Indeed, the public interest in predictability and regularity of the banking industry, and in enforcing contracts made between responsible parties, weighs against granting a temporary restraining based solely on the plaintiff's vague, conclusory allegations.

Under these circumstances, the court concludes that the plaintiff has failed to demonstrate his entitlement to a temporary restraining order. Accordingly,

**IT IS ORDERED** that the plaintiff's "petition for temporary injunction," R. 3, is **DENIED**.

Signed on  October 12, 2010

**Jennifer B. Coffman, Judge**
**United States District Court**