**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
ELECTRONICALLY FILED**

| | | |
|---|---|---|
| **ROBERT CAIN,** | : | Case No. 3:10-CV-632-JBC |
| | : | |
| Plaintiff, | : | Judge Jennifer B. Coffman |
| | : | |
| v. | : | |
| | : | |
| **AMERICAN HOME MORTGAGE** | : | **DEFENDANT AMERICAN HOME** |
| **SERVICING,** | : | **MORTGAGE SERVICING, INC.'S** |
| | : | **MEMORANDUM IN SUPPORT OF ITS** |
| | : | **MOTION TO DISMISS PLAINTIFF'S** |
| Defendant. | : | **ORIGINAL PETITION** |

**MEMORANDUM IN SUPPORT**

**I.   INTRODUCTION**

Plaintiff's Complaint is a confusing, rambling, and internally-inconsistent diatribe against an entire industry that fails to state any cognizable claim against AHMSI. Plaintiff does not set forth any specific allegations against AHMSI, and fails to allege facts sufficient to withstand analysis under Fed. R. Civ. P. 12(b)(6). Accordingly, the Complaint should be dismissed with prejudice.

Plaintiff's Complaint apparently arises out of an alleged wrongful refinancing of a mortgage loan and a pending foreclosure, but no specific facts are alleged about the actual transaction at issue.[1]  No Note or Mortgage is attached to the Complaint, and no details of the refinancing are provided. Furthermore, AHMSI is unaware of any active foreclosure litigation against Plaintiff. Plaintiff's lack of detail is not surprising given that the Complaint is nearly identical to numerous other complaints that have been filed (and dismissed) around the country.

---

[1] Plaintiff also filed a Motion for Temporary Restraining Order, which was denied by this Court on October 12.

Perhaps more importantly, AHMSI is only mentioned once in the actual allegations, and is never directly connected to any alleged wrongdoing. By way of comparison, AHMSI is referenced exactly the same number of times as Countrywide and Ameriquest, neither of whom appears to be a party to this action. However, given that Plaintiff repeatedly refers to "Lender" and "Agent" without defining such terms or connecting them to a party, it is difficult to determine exactly who the appropriate parties to this action are. AHMSI was neither the lender nor the agent for any loan to Plaintiff, and therefore it does not appear that AHMSI is implicated in any allegations against such entities.[2]

More specifically, Plaintiff's claims do not plead the necessary elements and are otherwise facially deficient. Plaintiff's Complaint purports to set forth claims under the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1602, the Home Ownership Equity Protection Act ("HOEPA") 15 U.S.C. § 1639 et seq., the Real Estate Settlement Procedures Act (RESPA"), 12 U.S.C. § 2601 et seq. and the Deceptive Practices Act ("DPA"), 15 U.S.C. § 45. Plaintiff has also apparently asserted state-law-based claims for conspiracy, breach of fiduciary duty, common law fraud, fraud by non-disclosure, breach of contract, usury, unjust enrichment, claim to quiet title, negligence/negligence per se, breach of implied covenant of good faith and fair dealing and intentional infliction of emotional distress.

The federal claims which form the basis of this Court's jurisdiction are either improperly pled or time-barred. Likewise, the pendent state law claims are not sufficiently pled and should be dismissed in the absence of federal claims. In sum, Plaintiff's Complaint fails to state a plausible claim upon which relief can be granted by this Court, and the Complaint should be dismissed.

---

[2] AHMSI services a loan for which Plaintiff is a borrower. But the only servicer identified in the Complaint is an entity referred to as "EMS." (Complaint, pg. 18).

**II.     LAW AND ARGUMENT**

    **A.     The Fed. R. Civ. P. 12(b)(6) standard following *Twombly* and *Iqbal*.**

The United States Supreme Court has recently underscored the importance of the Rule 12 standard. Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must include sufficient facts to state a claim for relief that is <u>plausible on its face</u>. While a complaint attacked by Rule 12 motion to dismiss "does not need detailed factual allegations, a plaintiff's obligation to provide 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a <u>formulaic recitation of the elements of a cause of action will not do</u>." *Id.* at syllabus (emphasis added). Rather, to withstand a motion to dismiss, the plaintiff must allege facts "enough to raise a right to relief above the speculative level." *Id.*

Even more recently, the Supreme Court reaffirmed the *Twombly* ruling. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Court held that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, quoting *Papasan* v. *Allain*, 478 U.S. 265, 286 (1986). That is, legal conclusions "are not entitled to the assumption of the truth." *Id.* at 1950. Rule 8 "<u>demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation</u>." *Id.* at 1949 (emphasis added). Accordingly, the civil rules "do not require courts to credit a complaint's conclusory statements without reference to its factual content." *Id.* at 1954.

Courts have rejected conclusory statements as they relate to parties, too. This has been particularly true where a plaintiff lumps numerous defendants together without reference to specific factual detail as to each party. *See Gianfredi v. Hilton Hotels Corp.*, 2010 U.S. Dist. LEXIS 33227 (D. N.J. Apr. 5, 2010) (finding that plaintiff's failure to delineate amongst the

parties, merely referring to "Defendants" as a collective unit required dismissal of claims); *Barrett v. H&R Block, Inc.*, 652 F. Supp. 2d 104, 113 (D. Mass. 2009) (allegations where plaintiff conflated defendants by referring to them collectively as "H&R Block" and "Defendants" treated as conclusory allegations that were not credited by the court).

Furthermore, while pro se pleadings are liberally construed, the district court may dismiss an action, even without a motion, if the complaint is "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). In other words, "pro se plaintiffs are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

Plaintiff's Complaint is littered with precisely the kind of vague, conclusory labels that both federal courts and the U.S. Supreme Court have routinely rejected. In addition, notwithstanding a lengthy discussion of real estate industry history, Plaintiff has failed to provide sufficient factual detail to state a claim for relief that is plausible on its face. Nor has Plaintiff established any connection between the factual background and the actual causes of action. As a result, the Complaint completely fails to meet the Rule 12 standard, and Plaintiff's claims should be dismissed.

**B.  Plaintiff's vague, confusing, and conclusory Complaint fails to state a plausible claim upon which relief can be granted.**

As an initial matter, Plaintiff has not complied with Fed. R. Civ. P. 8(a) and 10(b). Rule 8(a) states that a plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's rambling and confusing Complaint is neither short nor plain. Furthermore, Rule 10(b) provides that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to as single set of circumstances." Again,

Plaintiff has not complied with this rule, instead filing what amounts to a lengthy opinion piece devoid of any organization.

However, as explained below, Plaintiff's failure to comply with the Civil Rules goes beyond his mere inability to plead in the proper form. Plaintiff's Complaint is so factually deficient that it cannot state a plausible claim under Rule 12.

1.  <u>Plaintiff cannot bring a private claim under the DPA.</u>

Plaintiff refers to the Federal Trade Commission Act as the "Deceptive Practices Act." (Complaint, pg. 14). *See also Bell v. SunTrust Mortg. Inc*, 2009 WL 2913690 * (E.D. Tenn. Sep. 2, 2009) (court is unaware of any act entitled "The Deceptive and Unfair Trade Practices Act"). Plaintiff alleges that "Defendants" have engaged in a variety of unfair and unlawful business practices prohibited by 15 U.S.C. § 45. (Complaint, pg. 14). Plaintiff does not identify what parties constitute "Defendants." Plaintiff nevertheless goes on to assert that such conduct comprises a pattern of business activity within the meaning of such statute and caused Plaintiff to suffer economic and noneconomic harm. (Complaint, pg. 14).

The Sixth Circuit, along with other circuits, has held that a private party may not bring an action under the Federal Trade Commission Act, 15 U.S.C. §45.1. *See Federal Trade Com'n v. Owens-Corning Fiberglas Corp.*, 853 F.2d 458, 464 (6th Cir. 1988); *Morales v. Walker Motors Sales, Inc.*, 162 F.Supp.2d 786, 790 (S.D. Ohio 2000) (citing *American Airlines v. Christensen*, 967 F.2d 410 (10th Cir. 1992); *Fulton v. Hecht*, 580 F.2d 1243 (5th Cir. 1978); *Alfred Dunhill, Ltd. v. Interstate Cigar Co.*, 499 F.2d 232 (2nd Cir. 1974); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986 (D.C. Cir. 1973); *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir. 1973)). Accordingly, because Plaintiff has no standing to bring a claim under the DPA, it should be dismissed. *See Nuckols v. Meijer, Inc.*, 2007 WL 1840157 *1 (E.D. Mich., Jun. 26, 2007).

### 2. Plaintiff's TILA, HOEPA, and RESPA claims are time-barred.

Plaintiff's other federal claims are for violations of TILA, HOEPA, and RESPA. These claims are vague and difficult to understand, rendering a detailed analysis nearly impossible. This alone merits dismissal under Rule 12.[3] Notwithstanding these factual deficiencies, though, each claim is barred by the applicable statute of limitations, and should be dismissed.

First, Plaintiff alleges that AHMSI violated TILA when documentation was not provided at settlement of the loan that would show fees charged were necessary, reasonable and proper. (Complaint, pp. 11-12). Plaintiff further alleges that he was not provided with a Notice of Right to Cancel in violation TILA. (Complaint, pg. 12). Plaintiff makes no specific allegations regarding the any acts or disclosures required by HOEPA. Nevertheless, Plaintiff seeks monetary damages based on alleged violations of TILA and HOEPA. Similarly, Plaintiff claims AHMSI violated RESPA because the Good Faith Estimate was not within limits, the HUD-1 Booklet was not provided, the Truth-in-Lending Statement was not within the limits compared to the note, the Truth-in-Lending Statement was not timely, and there was no first Payment Letter. (Complaint, pg. 12).

As Plaintiff admits, an action under TILA must be filed "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). For purposes of this limitations period, "the one year period will begin to run when the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation." *Jones v. TransOhio Sav. Asso.*, 747 F.2d 1037, 1041 (6th Cir. 1984). That is, "the statute of limitations begins to run 'when the plaintiff has a complete and present cause of action' and thus 'can file suit

---

[3] *See GMAC Mortg., LLC v. McKeever*, 2010 U.S. Dist. LEXIS 91118 (E.D. Ky. 2010) (Rejecting claims where plaintiff did not "indicate who paid and accepted kickbacks, fees, or commissions; what those kickbacks, fees, and commissions were; or the circumstances surrounding these transactions.") (citing *Silvas v. GMAC Mortgage, LLC,* No. CV09-265, 2009 U.S. Dist. LEXIS 118854, at *33-34 (D. Ariz. Dec. 1, 2009).

811420v1     6

and obtain relief.'" *Thielen v. GMAC Mortg. Corp.*, 671 F. Supp. 2d 947, 953 (E.D. Mich., 2009) (quoting *Wilke v. Vertrue*, 566 F.3d 590, 593 (6th Cir. 2009)). *See also Golliday v. First Direct Mortg. Co., Inc.*, 2009 WL 5216141 *4 (W.D. Mich., Dec. 29, 2009) (in addition to determining whether a complaint is frivolous or fails to state a claim upon which relief can be granted, the court may dismiss TILA and RESPA actions on the basis of the running of the statute of limitations, when this defect is apparent on the face of the complaint).

The one year statute of limitations set forth in TILA also applies to HOEPA claims. *See* 15 U.S.C. §§ 1639, 1640(e); *McKeever*, 2010 U.S. Dist. LEXIS 91118 ("Claims for damages under TILA and HOEPA are governed by 15 U.S.C. § 1640(e), which provides that any claim under that section must be brought within one year from the date that the violation occurred."); *Girgis v. Countrywide Home Loans, Inc.*, 2010 WL 3290985 *6 (N.D. Ohio, Aug. 20, 2010) (Since HOEPA is an amendment to TILA, and the former is incorporated into the latter, the same statute of limitations prescribed under 15 U.S.C. § 1640(e) applies).

Finally, the statute of limitations period for violations of RESPA disclosure requirements is also one year. 12 U.S.C. § 2614. *See also Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 422 (6th Cir. 2009); *McKeever*, 2010 U.S. Dist. LEXIS 91118 at *16.

In the case at bar, Plaintiff makes no allegations indicating when the alleged violations occurred. However, Plaintiff asserts that equitable tolling applies to any statute of limitations question. (Complaint, pg. 14). Since Plaintiff has raised equitable tolling, the Court should accept that the violations claimed in the Complaint would be barred by the applicable statute of limitations. *See Trimm v. Fifth Third Mortgage Co.*, 2010 WL 3515596 at *6 (N.D. Oh. Sep. 03, 2010).

In order to establish equitable tolling, a plaintiff "must allege and establish that: 1) defendant concealed the conduct that constitutes the cause of action; 2) defendant's concealment prevented plaintiff from discovering the cause of action within the limitations period; and 3) until discovery, plaintiff exercised due diligence in trying to find out about the cause of action." *Egerer*, 556 F.3d at 422. The following five factors are used to determine whether equitable tolling is appropriate: "1) lack of notice of the filing requirement; 2) lack of constructive notice of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Id.* (quoting *Truit v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).

Here, Plaintiff only alleges that the limitations period for damages under TILA and RESPA should be tolled because of Defendant's "misrepresentations and failure to disclose." (Complaint, pg. 14). However, Plaintiff provides no other details or information as to why the statutes of limitations should be equitably tolled. More importantly, Plaintiff does not plead the necessary elements of equitable tolling. *See Egerer*, 556 F.3d at 422.

In fact, Plaintiff states that he received a list of closing charges at settlement. In other words, Plaintiff received the settlement terms and had the opportunity to examine them within the limitation period. Plaintiff has not alleged that he had no way for of knowing about the alleged fraudulent concealment, nor has Plaintiff alleged that he exercised due diligence in pursuing his rights. Plaintiff merely provides the superficial contention that AHMSI did not comply with TILA, HOEPA and RESPA. Therefore, because Plaintiff has not pled the necessary allegations of equitable tolling, it should not apply to Plaintiff's federal claims, and they should be dismissed.

    3.    <u>Because all federal claims should be dismissed, the pendent state claims should also be dismissed.</u>

When a federal claim against a defendant is dismissed, the pendent state claims should be dismissed as well. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Pursuant to 28 U.S.C. § 1367(c)(3), "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if… (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction."

Here, the Court should dismiss all claims over which it has original jurisdiction. At the very least, the state law claims would substantially predominate over any remaining federal claims. Accordingly, dismissal of the pendent state law claims is merited. *See De Luca v. Homeservices of Kentucky, Inc.*, 2005 U.S. Dist. LEXIS 12721 (W.D. Ky. 2005) ("In light of the fact that the sole federal claim will be dismissed from the case, the court, in its discretion, will decline to exercise supplemental jurisdiction over the abundant group of traditional state law claims…."); *Trimm*, 2010 WL 3515596 at *6 (same). *See also Van Den Broeck v. CommonPoint Mortg. Co.*, 22 F. Supp. 2d 677, 691 (W.D. Mich. 1998), *citing, Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244 (6th Cir. 1996); *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343 (1988); *see also, J-II Enters., LLC v. Bd. of Comm'rs,* 135 Fed. Appx. 804, 2005 U.S. App. LEXIS 9140, (6th Cir. 2005) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims…").

4. <u>Even if the state law claims are not dismissed under 28 U.S.C. § 1367(c), Plaintiff has failed to properly plead such claims.</u>

Even if this Court retained jurisdiction over the state law claims, they should still be dismissed. Plaintiff's remaining claims are not supported by anything more than the kind of formulaic recitations and "unadorned, the-defendant-unlawfully-harmed-me accusations"

repeatedly rejected by the Supreme Court. *See Twombly, supra*, and *Iqbal, supra*. Plaintiff has not identified with any specificity what wrongful acts were committed or by whom they were committed. At a minimum, Plaintiff's fraud claims have not been pled with the requisite particularity under Fed. R. Civ. P. 9(b). But given Plaintiff's failure to plead any specific facts against AHMSI, all of the remaining claims should be dismissed on their face.

### III. CONCLUSION

Plaintiff's Complaint is vague, conclusory, and utterly devoid of any necessary factual context. Accordingly, it fails to state a plausible claim, and should be dismissed in its entirety.

Respectfully submitted,

*/s/ Jeremy S. Rogers*
Jeremy S. Rogers
DINSMORE & SHOHL LLP
500 West Jefferson Street
1400 PNC Plaza
Louisville, Kentucky 40202
Phone: (502) 540-2300
Fax: (502) 585-2207
Email: jeremy.rogers@dinslaw.com

**Attorneys for Defendant
American Home Mortgage Servicing, Inc.**

OF COUNSEL:
David P. Fornshell
Robert M. Zimmerman
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
Email: robert.zimmerman@dinslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF filing system and ordinary mail, this 27th day of October, 2010, upon the following:

Robert Cain
3155 Old Mill Road
Brandenburg, Kentucky 40108
Email: rm1cain@gmail.com

**Pro Se Plaintiff**

                                              */s/ Jeremy S. Rogers*