UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
<u>ELECTRONICALLY FILED</u>

| | | |
|---|---|---|
| **ROBERT CAIN,** | : | Case No. 3:10-CV-632-JBC |
| | : | |
| | : | Judge Jennifer B. Coffman |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **DEFENDANT AMERICAN HOME** |
| **AMERICAN HOME MORTGAGE** | : | **MORTGAGE SERVICING, INC.'S** |
| **SERVICING,** | : | **REPLY BRIEF IN SUPPORT OF ITS** |
| | : | **MOTION TO DISMISS PLAINTIFF'S** |
| | : | **ORIGINAL PETITION** |
| Defendant. | : | |

In reply to Plaintiff Robert Cain's ("Plaintiff") Response, Defendant American Home Mortgage Servicing, Inc. ("AHMSI") hereby submits its Reply Brief in support of its Motion to Dismiss Plaintiff's Original Petition ("Complaint"):

**I.   INTRODUCTION**

Plaintiff's Response merely recycles the same vague and confusing allegations originally made in the Complaint, and does no better in articulating a plausible claim for relief against AHMSI. Moreover, the Response does not meaningfully rebut AHMSI's arguments that (1) Plaintiff lacks standing to bring a DPA claim; (2) Plaintiff's TILA, HOEPA, and RESPA claims are time-barred; and (3) the pendent state law claims should be dismissed under either 28 U.S.C. § 1367(c)(3) or Fed. R. Civ. P. 12(b)(6). Instead, the Response continues to mount wide-ranging attacks on unnamed entities such as "Defendants," "Lender," and "Trustee," without any connection to AHMSI. A more definite statement would be futile and cannot save Plaintiff's claims; the Complaint fails to state a plausible claim against AHMSI and should be dismissed.

## II. LAW AND ARGUMENT

### A. Plaintiff has not alleged any specific wrongdoing by AHMSI, and Exhibit 1 confirms that AHMSI was not the lender for Plaintiff's loan.

The Response, like the Complaint, contains little more than formulaic and superficial allegations against undefined parties. However, the Response does make clear that AHMSI was not involved in any way in the origination of the loan in question. Exhibit 1 to Plaintiff's Response indicates that Option One was the lender, and Skeeters Bennett & Wilson was the settlement agent. AHMSI is nowhere to be found, and Plaintiff has not set forth any theory that would transfer liability to AHMSI.

Tellingly, the Response's only mention of AHMSI is in paragraph 19, where Plaintiff states "American Home Mortgage Services [sic], and the attorneys claiming to represent same, have committed fraud by representing to the court that American Home Mortgage Services is a real party in interest in the contract of sale and has standing to take said property from defendant [sic]…." (Response, pp. 5-6). But AHMSI has done no such thing. AHMSI has not filed a foreclosure claim against Plaintiff, asserted any standing, or sought to "take any property" from Plaintiff. Plaintiff's allegation is demonstrably false, and appears to be lifted wholesale from an unrelated case. Plaintiff's inability to support his purported claims with anything more than plagiarism (including referring to himself as "her" in the very first sentence) serves to highlight the implausibility of his claims. Because Plaintiff has not articulated any specific claim against AHMSI, the Complaint must be dismissed.

### B. Plaintiff does not dispute that he lacks standing under the DPA.

Notably, Plaintiff does not address AHMSI's argument that Plaintiff lacks standing to bring a claim under the Federal Trade Commission Act, or "Deceptive Practices Act." As a result, there does not appear to be any dispute that Plaintiff's DPA claim should be dismissed.

2

**C.      Plaintiff's TILA, HOEPA, and RESPA claims are time-barred, as the loan in question closed in 2005.**

Plaintiff's Response confirms that he received a HUD-1 Settlement Statement at the time of closing for the loan in question. This document contains all the information necessary for Plaintiff to discover the allegedly "fraudulent" fees of which he now complains. Based on Exhibit 1, the closing occurred more than five years ago, in 2005. Thus, despite having detailed knowledge of the acts allegedly giving rise to Plaintiff's Complaint for more than five years, Plaintiff has only now sought relief under TILA, HOEPA, and RESPA. But this is well beyond the one year statute of limitations for TILA, HOEPA, and RESPA violations.

As for equitable tolling, Plaintiff does not identify any specific concealments by AHMSI or any other party, and Plaintiff does not point to any newly-discovered evidence to explain his delay. Plaintiff's only response to AHMSI's statute of limitations argument is that Plaintiff "acted with due diligence by dealing only with licensed professionals." (Response, pg. 2) Perhaps not surprisingly, Plaintiff cites no case law or statutory authority in support of this novel argument. Moreover, Plaintiff's reliance on "licensed professionals" (whoever they may be) does not demonstrate diligence on his part or change the fact that Plaintiff has had all the facts necessary to pursue his current claims since 2005. Given the lack of any details as to alleged concealments by AHMSI or actual diligence by Plaintiff, equitable estoppel cannot apply to save Plaintiff's time-barred claims.

**D.      Plaintiff does not dispute that the Court can dismiss the pendent state law claims in the absence of the federal claims.**

Finally, Plaintiff does not address AHMSI's contention that the Complaint's pendent state law claims should be dismissed in the absence of federal claims. Pursuant to 28 U.S.C. §1367(c)(3), the dismissal of Plaintiff's DPA, TILA, HOEPA, and RESPA claims allows the Court to decline supplemental jurisdiction over the remaining state law claims. *See United Mine Workers v. Gibbs*,

3

383 U.S. 715 (1966); *De Luca v. Homeservices of Kentucky, Inc.*, 2005 U.S. Dist. LEXIS 12721 (W.D. Ky. 2005). If any state law claims remain after the Court's Rule 12(b)(6) analysis, the Court should decline to exercise supplemental jurisdiction over them.

### III. CONCLUSION

Plaintiff's Complaint fails to state any plausible claim upon which relief can be granted against this Defendant. Accordingly, it should be dismissed in its entirety.

Respectfully submitted,

*/s/ Jeremy S. Rogers*
Jeremy S. Rogers
DINSMORE & SHOHL LLP
500 West Jefferson Street
1400 PNC Plaza
Louisville, Kentucky 40202
Phone: (502) 540-2300
Fax: (502) 585-2207
Email: jeremy.rogers@dinslaw.com

**Counsel for Defendant
American Home Mortgage Servicing, Inc.**

OF COUNSEL:
David P. Fornshell
Robert M. Zimmerman
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
Email: robert.zimmerman@dinslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF filing system and ordinary mail, this 15th day of November, 2010, upon the following:

Robert M. Cain
3155 Old Mill Road
Brandenburg, Kentucky 40108
Email: rm1cain@gmail.com

**Pro Se Plaintiff**

                                       */s/ Jeremy S. Rogers*
                                       *Counsel for Defendant*
                           *American Home Mortgage Servicing, Inc.*

815784v1