UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 10-632-C

ROBERT CAIN,                                                                                           PLAINTIFF,

V.                          MEMORANDUM OPINION AND ORDER

AMERICAN HOME MORTGAGE SERVICING,                                   DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

Pending before this court is the defendant's Motion to Dismiss Plaintiff's Original Petition pursuant to Fed. R. Civ. P. 12(b)(6). R. 7. *Pro se* plaintiff Robert Cain filed this action against American Home Mortgage Servicing ("AHMS") under the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1602; the Home Ownership Equity Protection Act ("HOEPA") 15 U.S.C. § 1639, et seq.; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq.; and the Deceptive Practices Act ("DPA"), 15 U.S.C. § 45. Also included are various state claims for negligence, conspiracy, breach of fiduciary duty, common law fraud, fraud by non-disclosure, tortious acts of conspiracy and theft, unjust enrichment, claim to quiet title, breach of implied covenant of good faith and fair dealing and intentional infliction of emotional distress. *See* R. 1 at 9-14, 18-23.

Cain's complaint is wholly deficient, and thus must be dismissed under Rule 12(b)(6). In addition, even if his claims are considered on the merits, they fail. As this court noted in its earlier order, Cain appears to have downloaded his complaint

1

off the internet. R. 5. Unfortunately, the court's recognition of this fact had no effect on him, given that his response to defendant's motion to dismiss is likewise a carbon copy of one filed in previous lawsuits. *See, e.g.,* Response to Rule 12 Motion*, Geans v. Oxford Bank*, No. 2:10-cv-13160, 2010 WL 3273276 (E.D. Mich. Aug. 19, 2010).  While this fact alone is not a sufficient reason to dismiss the complaint, the consequences of his decision to file such a document are easy to see: his response, much like his complaint, contains only vague allegations against the entire banking industry. He completely fails to identify the specific acts of AHMS that are the subject of this lawsuit. Hence, contrary to his assertion, the court is not rejecting his arguments because they are "similar to other documents alleging wrongdoing by banks and lending institutions," (R. 8 at 9), but rather because they violate the Federal Rules of Civil Procedure and are wholly without merit.

Cain's complaint contains insufficient factual allegations to survive defendant's motion to dismiss. Under the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has clarified that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007)). "Facial plausibility" is achieved

when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (*citing Twombly*, 550 U.S. at 556). Plaintiff has pleaded no such factual content here.

Neither are Cain's conclusory allegations entitled to an assumption of truth. Although a court is generally required to accept all of the allegations contained in the complaint when deciding a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Id.* at 1949-50 (citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Because Cain has provided no factual basis for his complaint, this court is not required to accept his rambling accusations.

Last, Cain's status as a *pro se* party is insufficient to protect his claim from dismissal. Although *pro se* pleadings are liberally construed, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "*pro se* plaintiffs are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). For the reasons stated above, Cain's complaint fails to demonstrate that he is entitled to relief, so the defendant's motion will be granted and this action will be dismissed.

Furthermore, Cain's claims (to the extent they can be understood) fail on the

merits as well. Cain first alleges violations of the "Deceptive Practices Act," 15 U.S.C. § 45 (i.e., the Federal Trade Commission Act). However, a private party may not bring an action under this act. *Federal Trade Com'n v. Owens-Corning Fiberglas Corp.*, 853 F.2d 458, 464 (6th Cir. 1988). *See also American Airlines v. Christensen*, 967 F.2d 410 (10th Cir.1992); *Fulton v. Hecht*, 580 F.2d 1243 (5th Cir.1978); *Alfred Dunhill, Ltd. v. Interstate Cigar Co.*, 499 F.2d 232 (2d Cir.1974); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986 (D.C.Cir.1973); *Carlson v. Coca-Cola Co.*, 483 F.2d 279 (9th Cir.1973). Hence, this first claim fails outright.

Cain's remaining federal claims fare no better. He alludes to violations of TILA, HOEPA and RESPA; however, the statute-of-limitations period has run on all of these claims. Because there is no reason to apply equitable tolling to these claims, Cain fails to state a claim upon which relief can be granted, and dismissal is appropriate.

All three statutes identified by Cain have applicable statutes of limitations. TILA has a one-year limitations period. *See id.* at § 1640(e). This period also applies to HOEPA claims. See 15 U.S.C. §§ 1639, 1640(e); *GMAC Mortg., LLC v. McKeever*, 2010 U.S. Dist. LEXIS 91118 ("Claims for damages under TILA and HOEPA are governed by 15 U.S.C. § 1640(e), which provides that any claim under that section must be brought within one year from the date that the violation occurred."); *Girgis v. Countrywide Home Loans, Inc.*, 2010 WL 3290985 * 6 (N.D. Ohio, Aug. 20, 2010). The statute-of-limitations period for RESPA violations

4

is either one year or three years, depending on the violation alleged. 12 U.S.C. § 2614. In the present case, both periods have elapsed. *See also Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 422 (6th Cir. 2009); *McKeever*, 2010 U.S. Dist. LEXIS 91118 at *16. Thus, Cain cannot recover under any of them. Cain obtained his loan in 2005, over five years ago. R. 8, Exh. 1. *See also Thielen v. GMAC Mortg. Corp.*, 671 F.Supp.2d 947, 953 (E. D .Mich., 2009) (*quoting Wilke v. Vertrue*, 566 F.3d 590, 593 (6th Cir. 2009) (noting that the TILA limitations period "begins to run 'when the plaintiff has a complete and present cause of action' and thus 'can file suit and obtain relief.'")). Furthermore, by arguing for equitable tolling, Cain effectively concedes that his claims would ordinarily be barred by the limitations periods. *See Trimm v. Fifth Third Mortgage Co.,* 2010 WL 3515596 at *6 (N.D. Oh. Sep. 03, 2010).

  Cain has shown no basis for tolling the limitations period. In order to prove equitable tolling, a plaintiff must show "not only that he exercised due diligence to discover his cause of action prior to the running of the statute, but also that the Defendant was guilty of some affirmative act of fraudulent concealment which frustrated discovery notwithstanding such diligence." *Girgis*, 2010 WL 3290985 at * 5 (*quoting Hughes v. Cardinal Fed. Savings and Loan Ass'n*, 566 F.Supp. 834, 838 (S.D. Oh. 1983)). He claims that the limitations period for damages under TILA and RESPA should be tolled because of AHMS's misrepresentations and failure to disclose. Essentially, he states that he received a listing of charges at settlement

and now wants to show that the fees were not necessary or reasonable. However, plaintiff received the settlement terms and had the opportunity to examine them at that time or within the limitation period. He has not alleged there was no way for him to know about the alleged fraudulent concealment prior to being sued for foreclosure or lack of notice of the filing requirement, nor has he shown due diligence in pursuing his rights. He merely contends that Defendants did not comply with TILA, HOEPA and RESPA. Therefore, equitable tolling does not apply to Plaintiff's federal claims.

Having dismissed Cain's federal causes of action, this court has no basis for asserting jurisdiction over his remaining state claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). When a federal claim against the defendants is dismissed, the pendent state claims should be dismissed as well. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, **IT IS ORDERED** that defendant's motion (R. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket.

Signed on  November 30, 2010

*Jennifer B. Coffman*
**Jennifer B. Coffman, Judge**
**United States District Court**

6